Shaffer et ux., Appellants, *v.* Pittsburgh et al.

Argued October 3, 1939.   Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*J. I. Simon,* with him *Morris J. Pollack* and *Samuel G. Wagner,* for appellants.

*Charles F. Patterson, William Alvah Stewart,* City Solicitor, *Bennett Rodgers,* Assistant City Solicitor,

*Anne X. Alpern,* First Assistant City Solicitor, and *Patterson & Sherrard,* for appellees, were not heard.

OPINION BY MR. JUSTICE STERN, November 27, 1939:

This appeal is wholly without justification. The jury returned a verdict for defendants. Plaintiffs, although taking merely a general exception to the charge and assigning in support of their motion for a new trial only the conventional reasons that the verdict was against the law, the evidence, the weight of the evidence, and the charge of the court, have apparently subjected the record to meticulous scrutiny in order to find some ground upon which to claim the right to a re-trial.

Part of the sidewalk in front of additional defendant's store, at 220-24 Fifth Avenue in the City of Pittsburgh, was constructed of a vault-light consisting of grillwork in which small glass discs were inserted. One of these had become dislodged, and the heel of the wife-plaintiff's shoe caught in the aperture. We need not consider, on this record, whether the defect was large enough to warrant a charge of negligence. In any event, in order for plaintiffs to recover damages, they were obliged to establish constructive notice. The only evidence offered for that purpose was that of the husband, who testified that he had observed the defect in the pavement a week previous to the accident but had not seen it before or after that one occasion. The learned trial judge told the jury that a week was sufficient length of time to charge defendants with notice, but if they did not believe the husband's testimony plaintiffs had not made out a case. Plaintiffs now urge that this in effect fixed the legal minimum for constructive notice at one week. Not only is it obvious that the charge cannot be so interpreted, but the point loses all significance in view of the fact that there was no testimony in regard to the existence of the defect before the accident for any other period of time. It is true that the wife-plaintiff said that the hole was "pretty

dirty and rusty looking," and her sister that "it looked kind of dirty; it looked like it had been out for a while." But "pretty dirty and rusty looking" and "kind of dirty" are too vague in characterization, too lacking in particularity, to support a finding upon an issue vital to recovery. The remark "it looked like it had been out for a while" was stricken out on motion; this was proper because the statement was not really descriptive of a fact but amounted to an inadmissible expression of opinion: *McKim v. Philadelphia*, 217 Pa. 243, 251, 252; *Culhane's Estate*, 133 Pa. Superior Ct. 339, 349, 350. Even had it been permitted to remain on the record it did not designate any definite duration of time that would affect defendants with constructive notice.

Judgments affirmed.